UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **LEICESTER BRYCE STOVELL,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. 13-731 |
| | ) | |
| **LEBRON R. JAMES,** | ) | |
| | ) | |
| *Defendant.* | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant LeBron James, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of this case from the Superior Court of the District of Columbia, in which court this case was commenced, to the United States District Court for the District of Columbia, being the district embracing the place where the case is pending. In support of this Notice of Removal, Defendant James states the following:

1. Plaintiff commenced this action on or about April 29, 2013, and filed an Amended Complaint on or about May 1, 2013. The Amended Complaint ("Compl."), Summons, and other papers were delivered to Counsel for Defendant James on May 3, 2013. The Amended Complaint is attached as **Exhibit A**, and the original complaint is attached as **Exhibit B**. James voluntarily accepted service of the Amended Complaint through his Counsel, effective on May 3, 2013 when Counsel received the papers. This removal was timely effected within thirty days of service of the Summons and Complaint. 28 U.S.C. § 1446(b); *see also Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint . . . after and apart from service of the summons").

2. The Court has original jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a)(1), as the amount in controversy exceeds the sum or value of $75,000, and the parties are citizens of different states: Plaintiff Stovell was and is a resident and citizen of the District of Columbia. (Compl. ¶ 1.) Defendant James is a resident and citizen of Florida. (Compl. ¶ 1.) Plaintiff Stovell is asserting two causes of action against Defendant James, and is requesting $500,000 in monetary damages for each count, "[t]ogether with punitive damages, plus attorney's fees, interest, costs, and such other relief this Court deems appropriate, as justice may require." (Compl. Prayer for Relief, pp.8-9.)

3. Assuming for purposes of this filing that all of the allegations of the Complaint in this case are true, and disregarding for purposes of this filing each and every defense of the Defendant, the Complaint places more than $75,000 in controversy, exclusive of interest and costs, and there is complete diversity between the parties. Accordingly, this Court has subject matter jurisdiction.

4. Both Plaintiff Stovell and Defendant James were both parties in *Stovell v. James*, Civil Action No. 10-1059, in this Court. Judge Kollar-Kotelly entered an Order dismissing that case on September 14, 2011, and entered an order denying Stovell's Rule 60(b)(6) motion for relief from the judgment on March 29, 2012. Stovell appealed to the United States Court of Appeals for the District of Columbia Circuit; on April 24, 2013 the Court of Appeals affirmed the district court's dismissal. In the earlier matter, Stovell claimed that he was LeBron James's biological father, and asserted, among other claims, a claim for defamation. *Stovell v. James*, 810 F. Supp. 2d 237, 240 (D.D.C. 2011). In this case, Stovell is essentially claiming that a statement James made in a Sports Illustrated article published April 30, 2012 about an unnamed "father" was associated with Stovell since Case No. 10-1059 "received worldwide media

attention." (Compl. ¶¶ 2,4, 8.) Stovell claims that this statement defamed him and portrayed him a false light. (Compl. ¶¶ 14-22.)

5.     Local Civil Rule 40.5(a)(4) states that cases are deemed related where a case is dismissed and a second case is filed involving the same parties and relating to the same subject matter. Pursuant to Local Civil Rule 40.5(b), Defendant James is contemporaneously filing a Notice of Designation of Related Civil Cases and requests that Judge Kollar-Kotelly be assigned to this matter. Such assignment is appropriate under Local Rule 40.5(c)(1), which provides, in relevant part: "Where the existence of a related case in this court is noted at the time the indictment is returned or the complaint is filed, the Clerk shall assign the new case to the judge to whom the oldest related case is assigned."

6.     Contemporaneously with the filing of this Notice of Removal, written notice has been served upon the Plaintiff and a copy of this Notice of Removal has been filed with the Superior Court of the District of Columbia.

Date:  May 21, 2013                                Respectfully submitted,

/s/ John A. Burlingame
John A. Burlingame (D.C. Bar No. 455876)
Rebecca A. Worthington (D.C. Bar No. 995823)
SQUIRE SANDERS (US) LLP
1200 19th Street, NW, Suite 300
Washington, D.C. 20036
Telephone: (202) 626-6600
Facsimile: (202) 626-6780
john.burlingame@squiresanders.com
rebecca.worthington@squiresanders.com

*Counsel for Defendant LeBron James*

- 4 -

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of this Notice of Removal was served by mailing same by United States Mail, first-class postage prepaid, to the following person on the 21st day of May, 2013:

Leicester Bryce Stovell
631 12th Street, NE
Washington, DC 20002

/s/ John A. Burlingame
John Burlingame