UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LEICESTER BRYCE STOVELL, | ) | |
| Plaintiff, | ) | Case No. 1:13-cv-00731-CKK |
| | ) | Judge Colleen Kollar-Kotelly |
| v. | ) | |
| | ) | |
| LEBRON R. JAMES, | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

   Comes Now Plaintiff Leicester Bryce Stovell. Proceeding *Pro Se*, with his Memorandum of Law in Opposition to the Defendant's Motion for Summary Judgment.

   Defendant contends that there is no genuine issue as to a material fact and that it is entitled to judgment as a matter of law, pursuant to Federal Rule of Civil Procedure ("FRCP") 56(c), because the Amended Complaint, Defendant argues, was filed beyond the one year statute of limitations for defamation and false light. Plaintiff disagrees.

**ARGUMENT**


RECEIVED
Mail Room

JUN 27 2013

Angela D. Caesar, Clerk of Court
District Court, District of Columbia

Plaintiff accepts defense counsel's statement of the standards for granting a motion for summary judgment that are set forth in his Supporting Memorandum at p. 4. Plaintiff also accepts the factual assertions of defense counsel in his Statement of Undisputed Facts and of Robert Kanell in his Affidavit, **_but for_** their legal conclusions as to what constitutes the "publication date" or "general availability date" of the Sports Illustrated edition containing the allegedly defamatory and false light statement of Defendant LeBron James that is set forth in the April 30, 2012 edition of the magazine.

The entire issue with respect to the Motion for Summary Judgment is when was the self-described April 30, 2012 edition of Sports Illustrated "generally available" to the public. However, neither the Affidavit nor Statement of Undisputed Facts is sufficient to make this determination.

The internet availability of the article during the April 24-25 time frame seems to qualify as a separate, rather than integrated, distribution. Each redistribution through a different distribution channel appears to qualify as a new distribution date. Thus, Sports Illustrated put the article on its web site, but still distributed the article later to it subscribers, then later through newsstands. The Affidavit and Statement appear to assume with respect to the later distribution channels that mailing dates (of the Wednesday (April 25) before the Monday (April 30, 2012) "required to be put on newsstands by its newsstand distributors" date) equate with "availability dates." They simply do not.

"General availability" appears to refer to when a distribution or redistribution is made available to the public at large at the final point in the distribution process at which a transaction occurs. With respect to newsstands, to which the editions are shipped beginning on the Wednesday before the Monday publication date on each issue, they therefore most often receive the magazines on the Friday or Saturday before the Monday official publication date of new issues. However, neither the Affidavit nor the Statement of Undisputed Facts address the fact that such newsstands are not required to remove previous editions until the publication date of the new edition (in this case, April 30, 2012). Given these silences and/or ambiguities in the proffered showing that a "publication date" in the instant case has been established as a matter of law, the defense motion for summary judgment should fail. Generally, _see_ Restatement § 577A comment d at 210; R. Smolla,

LAW OF DEFAMATION § 4.134 at 4-66 (1986) and Foretich v. Glamour, 741 F. Supp. 247, 253 (D.D.C., 1990) ("subsequent publications of the same material, such as ... rebroadcast of a television program, are new publications triggering a new cause of action and commencing a new limitations period").

Moreover, this case also cannot be dismissed on a motion for summary judgment even if the discovery rule applies to defamation and false light cases under applicable law. In this regard, key evidence, Mr. Pharr's affidavit, only recently became available to Plaintiff, shedding critical light on the potential fact and dimensions of Plaintiff's injury.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment should be **DENIED**.

Respectfully submitted,

Leicester Bryce Stovell

Plaintiff *Pro Se*

D.C. Bar No. 488149

631 12th Street, N.E.

Washington, D.C. 20002

Telephone: (202) 302-0657

Leicester1@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment was filed with the Clerk of the U.S District Court for the District of Columbia by night depository and was served upon Counsel for Defendant, John Burlingame, Esq. by electronic mail and first class U.S. mail, postage pre-paid, on this 26th day of June, 2013.

Leicester Bryce Stovell, Esq., D.C. Bar No. 488149
*Plaintiff Pro Se*