UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEICESTER BRYCE STOVELL, | ) |
| Plaintiff | ) ) ) |
| v. | ) Case No. 1:13-cv-00731-CKK ) |
| LEBRON R. JAMES, | ) Judge Colleen Kollar-Kotelly ) |
| Defendant. | ) ) ) ) |

**DEFENDANT LEBRON JAMES' OPPOSITION TO PLAINTIFF'S REQUEST FOR
LEAVE TO FILE A SECOND AMENDED COMPLAINT**

The Court should deny as futile Mr. Stovell's request for leave to amend. His proposed Second Amended Complaint would not survive a motion to dismiss or the pending motion for summary judgment based on the applicable statutes of limitations. Mr. Stovell, moreover, unduly delayed seeking leave to his amend and his serial filings illustrate his vexatious motives.

A.   *Standard for Denying a Motion for Leave to File an Amended Complaint*

Motions for leave to amend may be denied if the amendment is futile, if there is undue delay, bad faith or dilatory motive on the part of the movant, or if there have been repeated failures to cure deficiencies by amendments previously allowed. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The denial of an opportunity to amend is within the discretion of the Court. *Id*. A court's discretion to deny leave is particularly broad where (as here) the plaintiff has already had an opportunity to amend his complaint. *Granite State Ins. Co. v. Abateco Servs.*, No. 3:96-cv-177, 1996 U.S. Dist. LEXIS 18213, at *22 (E.D. Va. Oct. 24, 1996) (denying plaintiff's motion to amend when plaintiff had "already amended the complaint once and waited until the response

to the motion to dismiss to seek leave to amend a second time").

An amendment is futile if it could not withstand a motion to dismiss. *Moldea v. New York Times Co.*, 22 F.3d 310, 320 (D.C. Cir. 1994); *Polsby v. Thompson*, 201 F. Supp. 2d 45, 51 (D.D.C. 2002). Amendments are also futile if they could not withstand a pending motion for summary judgment. *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001); *Azurite Corp. v. Amster & Co.*, 844 F. Supp. 929, 939 (S.D.N.Y. 1994) (denying motion for leave to amend as the "proposed amendment would be futile because the factual foundations of [the] new allegations are insufficient, as a matter of law, to withstand defendants' motion for summary judgment"). Mr. Stovell's request for leave to amend should be denied as futile: his proposed amendments do not materially change his allegations or the fact that they are legally deficient. His proposed Second Amended Complaint would survive neither the pending Motion for Summary Judgment nor the Motion to Dismiss.

B. *Mr. Stovell's Proposed Amendment Is Futile, As His Claims Are Unalterably Outside the Statute of Limitations*

Mr. Stovell adds an allegation that his April 29, 2013 complaint was timely filed because the "integrated distribution of the April 30, 2012 issue of Sports Illustrated . . . made the statements in question generally available to the public . . . not until on or after the publication in question's April 30, 2012 issue date." (Mot. for Leave to Amend at 1-2.) In other words, Mr. Stovell claims the "integrated distribution" of the magazine was not complete until April 30, 2012. (Proposed Second Am. Compl. para. 6.)

Mr. Stovell does not dispute the date the print magazine was published (April 25, 2012), the date the first home subscribers received it (April 25, 2012), the date it was digitally available (April 25, 2013), or the date the article was available online (April 24, 2012). Each of these dates were set forth in Defendant James' Statement of Undisputed Material Facts in support of

his Motion for Summary Judgment [ECF Dkt. No. 9.], and they have gone unchallenged.  Nor does Mr. Stovell dispute the one-year statute of limitations for defamation and false light claims.  Instead, Mr. Stovell essentially claims as a ground for again amending his complaint that the statute of limitations runs from the very last sale, transfer, or publication of the issue.

This is simply not the law.  "[V]irtually all jurisdiction have adopted the modern 'single publication' rule, i.e., for purposes of the statute of limitations in defamation claims, a book, magazine, or newspaper has one publication date, the date on which it is *first generally available to the public*."  *Mullin*, 785 A.2d at 298 n.2 (emphasis added).  Mr. Stovell's position was squarely rejected in *Foretich v. Glamour*, 741 F. Supp. 247, 252 (D.D.C. 1990), which held that, regardless of the date appearing on a magazine's cover, for statute of limitations purposes, a "magazine's date of public distribution, i.e., the date the article is made generally available for sale, is the date of publication."  741 F. Supp. 247, 252 (D.D.C. 1990) (defamation claim barred by statute of limitation because, despite November 1988 cover date, magazine was mailed to subscribers beginning on September 27, 1988 and shipped to wholesalers on September 20, 1988, and retailers placed the issue on sale October 11, 1988).  In light of the clear case law, it is of no consequence that, allegedly, issues of the April 30 issue were still being distributed on May 2, 2012.  (Proposed Second Am. Complaint para. 6.)

Mr. Stovell also claims as a ground for amendment that the discovery rule salvages his claims because he "only became aware of the Pharr disclosures a few weeks before [Mr. Stovell] filed, on April 29, 2013, the Complaint herein."  (Proposed Second Am. Compl. para. 14.)  This is irrelevant.  First, the discovery rule does not apply to defamation claims, particularly when the allegedly defamatory statements are published in mass media outlets.  *See Mullin*, 785 A.2d at 298.  Second, Mr. Stovell does not allege that he failed to discover the *Sports Illustrated*

statement that he alleges is defamatory, but only that he failed to learn of Mr. Pharr's supposed corroboration of Mr. Stovell's misguided notion that he is LeBron James' father.[1]

C. ***Mr. Stovell's Proposed Amendment Is Futile for the Reasons Set for in Defendant James' Motion to Dismiss***

As detailed in the Memorandum accompanying LeBron James' Motion to Dismiss [ECF Dkt. No. 8.], Mr. Stovell fails to state a claim for either defamation or false light because, *inter alia*, the statements in the *Sports Illustrated* article (i) are either true or opinions, (ii) are incapable of defamatory meaning, and (iii) cannot be understood to reference Mr. Stovell. Mr. Stovell's proposed Second Amended Complaint, relying upon the **same** statement in the **same** *Sports Illustrated* article cited in the Amended Complaint, wholly fails to remedy these legal deficiencies. Even if Mr. Stovell's proposed Second Amended Complaint cured his fatal statute of limitations problem (and it does not), his proposed Second Amended Complaint would still be futile as it would not survive a motion to dismiss.

D. **Mr. Stovell Offers No Explanation for His Undue Delay in Offering His Proposed Amendment**

Separate and independent of the fact that Mr. Stovell's proposed Second Amended Complaint is futile, his request for leave to amend should also be denied as he unduly delayed to amend his allegations. Dilatory motive and undue delay are reasons, aside from futility, for which a motion for leave to amend should be denied – particularly when the defendant (as here) has responded to the original pleadings. *Foman*, 371 U.S. at 182. Mr. Stovell offers no reason why he did not raise these proposed amended allegations in either his original or first amended

---

[1] Mr. Stovell also proposes to add as an exhibit photographs of himself and LeBron James that purport to show a similarity between the two. Similar to Mr. Stovell's other new contentions, these photos have no material bearing on whether Mr. Stovell's defamation and false light claims are well pled, or whether Mr. Stovell has missed the one-year statute of limitations.

complaints. Failure to offer an explanation for an amendment that could have been raised earlier is indicative of undue delay. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

Mr. Stovell has a tiresome history of seeking amendment after amendment in this Court. In his 2010 action against LeBron James, which involved allegations of defamation (among others) similar to this case (*Stovell v. James*, Case No. 1:10-cv-1059), Mr. Stovell filed three motions for leave to amend, two of which he filed after the Court granted the defendants' motion to dismiss (see ECF Dkt. Nos. 14, 20, and 23, in Case No. 1:10-cv-1059). By this point, Mr. Stovell has had every opportunity to assert any and all allegations pertinent to this case and indeed any claim he might have against LeBron James. No further amendments are warranted.

## CONCLUSION

Mr. Stovell, a practicing attorney, has mounted what has become a vexatious legal campaign. He has had more than full and fair opportunity to plead his allegations. There simply is no set of facts that Mr. Stovell has pled –or can plead- to support his legal claims. Defendant therefore respectfully asks the Court to deny Mr. Stovell's request for leave to amend and to dismiss his claims with prejudice.

Date: August 20, 2013                               Respectfully submitted,

/s/ John A. Burlingame
John A. Burlingame (D.C. Bar No. 455876)
Rebecca A. Worthington (D.C. Bar No. 995823)
SQUIRE SANDERS (US) LLP
1200 19th Street, NW, Suite 300
Washington, D.C. 20036
Telephone: (202) 626-6600
Facsimile: (202) 626-6780

john.burlingame@squiresanders.com
rebecca.worthington@squiresanders.com

Frederick R. Nance
Sarah K. Rathke
SQUIRE SANDERS (US) LLP
4900 Key Tower 127 Public Square
Cleveland, OH 44114-1304
Telephone: (216) 479-8500
Facsimile: (216) 479-8780

*Counsel for Defendant LeBron James*

- 7 -

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of this Opposition was served by electronic filing and by mailing the same by United States Mail, first-class postage prepaid, to the following person on the 20th day of August, 2013:

Leicester Bryce Stovell
631 12th Street, NE
Washington, DC 20002

                                          /s/ John A. Burlingame
                                          John A. Burlingame